[Cite as *Deutsche Bank Natl. Trust Co. v. Harvey*, 2013-Ohio-2948.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99401

## DEUTSCHE BANK NATIONAL TRUST COMPANY

PLAINTIFF-APPELLANT

vs.

## MICHELLE L. HARVEY, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-766188

**BEFORE:** E.A. Gallagher, J., Stewart, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEY FOR APPELLANTS**

Darryl E. Gormley
Reimer, Arnovitz, Chernek, Jeffrey
30455 Solon Road
Solon, OH    44139

**FOR APPELLEE, MICHELLE
L. HARVEY**

Michelle L. Harvey, pro se
8997 Cedar Road
Chesterland, OH    44026

**MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS**

Mortgage Electronic Registration Systems
1901 East Voorees Street
Suite C
Danville, IL    61834

EILEEN A. GALLAGHER, J.:

{¶1} In this accelerated appeal, appellant Deutsche Bank National Trust Company, etc., appeals from the decision of the trial court denying its motion for relief from judgment. Deutsche Bank argues the trial court abused its discretion when it failed to correct an error in the legal description contained in the decree of confirmation, the judgment and the magistrate's decision. We find that the legal description attached to all three entries does contain an error and remand the matter for correction.

{¶2} Deutsche Bank filed a foreclosure complaint against Michelle L. Harvey for breach of a note and mortgage for nonpayment. The trial court issued its judgment of foreclosure and an order to the Cuyahoga County Sheriff to sell the property. Deutsche Bank successfully purchased the home and the trial court granted a decree of confirmation of the purchase through a journal entry signed on June 15, 2012.

{¶3} After the foreclosure sale, a representative from the sheriff's department notified counsel for Deutsche Bank that there was an error in the sublot number in the real estate description contained in the judgment. Specifically, the legal description in the judgment contained "sublot number 194" when the correct sublot number for the foreclosed property is 193. This error was also reflected in both the magistrate and trial court's decisions. Deutsche Bank's counsel confirmed this error with the title company and filed a motion to vacate decree of confirmation, judgment and magistrate's decision and to re-enter judgment containing the correct sublot number. The trial court denied the motion as moot in that the property was sold and the sale confirmed.

**{¶4}** Deutsche Bank appeals, raising the following assignment of error:

The trial court abused its discretion by not granting plaintiff/apellant's motion to vacate decree of confirmation, judgment and magistrate's decision and to re-enter judgment.

**{¶5}** To be entitled to relief from judgment under Civ.R. 60(B), the movant must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶6}** In the present case, we find that Deutsche Bank is entitled to relief from judgment. Upon review of the record, it is clear that the supplemental preliminary judicial report, which was issued and submitted to the court by the Chicago Title Insurance Company, contained a mistake. The report mistakenly identified the property at issue as "being Sublot No. 194" when, in fact, the property upon which appellant was seeking to foreclose is Sublot No. 193. Subsequent to that judicial report, each of Deutsche Bank's filings as well as the decrees of foreclosure contained the erroneous sublot number and, in fact, the misidentified sublot is that which was offered, and purchased, at sheriff's sale.

**{¶7}** Clearly, a mistake occurred that needs to be corrected. The judgment

entry granting a decree of purchase of sublot number 194, a home that is not in foreclosure and is not owned by Deutsche Bank, as well as the judgment entries of the trial court and magistrate containing the erroneous sublot number, cannot stand. Additionally, all references in the record to sublot number 194 need to be corrected. This court, therefore, remands the matter to the trial court to vacate the decree of foreclosure as well as the sale of the property and allow for presentment of the actual property that was foreclosed upon to be subject to sale at a sheriff's auction.

**{¶8}** We do have grave concerns about adverse effects that these errors may have upon the property owner and the property that was offered for sale and sold at public auction and the title to that property and instruct the trial court to have plaintiff's counsel ensure that there has been no ill effects from those errors.

**{¶9}** Judgment reversed and the cause remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
SEAN C. GALLAGHER, J., CONCUR